**SCHIAN WALKER, P.L.C**.
1850 NORTH CENTRAL AVENUE, #900
PHOENIX, ARIZONA 85004-4531
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL: ecfdocket@swazlaw.com
SCOTT R. GOLDBERG, #015082
CODY J. JESS, #025066
Attorneys for Lawrence E. Pritchard, as
  Trustee of the Pritchard Charitable Remainder
  Unitrust dated December 29, 1994

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. 2-13-bk-19796-RJH |
| MICHELLE LEE WAGNER, | CHAPTER 7 |
| Debtor. | Adversary No. 2-14-ap-00149 |
| LAWRENCE E. PRITCHARD, as trustee of the PRITCHARD CHARITABLE REMAINDER UNITRUST DATED DECEMBER 29, 1994, | **COMPLAINT TO DENY DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523** |
| Plaintiff, | |
| vs. | |
| MICHELLE LEE WAGNER, | |
| Defendant. | |

Lawrence E. Pritchard ("**Dr. Pritchard**"), as trustee of the Pritchard Charitable Remainder Unitrust dated December 29, 1994 (the "**Trust**"), creditor and party-in-interest, by and through his undersigned counsel, hereby files this *Complaint to Deny Dischargeability of Debts Pursuant to 11 U.S.C. § 523* (the "**Complaint**") against debtor Michelle Lee Wagner ("**Wagner**"), and alleges as follows:

1. The Trust is a creditor of Wagner. The transactions that gave rise to the Trust's Complaint occurred in Maricopa County, Arizona.

2. Wagner is the debtor in the above-captioned case pending under Chapter 7 of the

Bankruptcy Code.

## NATURE OF CLAIMS, JURISDICTION, AND VENUE

3. This is an adversary proceeding to determine dischargeability of debts pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6).

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. This adversary proceeding is a "core" proceeding within the meaning of 28 U.S.C. § 157(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

7. This adversary proceeding, pursuant to Bankruptcy Rule 7001, *et seq.*, is related to the above-referenced Chapter 7 case now pending in this Court.

## ALLEGATIONS RELATIVE TO ALL COUNTS

8. The Trust incorporates by reference all previous allegations of this Complaint as though fully set forth herein.

9. Wagner filed for relief under Chapter 7 of the Bankruptcy Code on November 14, 2013.

10. Wagner is indebted to the Trust in the amount of $274,033.00 (plus interest, expenses, and attorneys' fees).

11. At all times relevant to the claims asserted in this Complaint, Wagner was a resident of Maricopa County, Arizona.

12. Wagner is an independent financial planner and investment advisor representative ("**Financial Planner**").

13. Wagner is a Certified Financial Planner.

14. Wagner is the sole member of CreCon, LLC and CreCon Financial, LLC (jointly, "**CreCon**").

15. CreCon does business as "Creative Consulting, LLC" ("**Creative Consulting**").

16. In or around 2004, Wagner and Creative Consulting began acting as the Trust's Financial

Planner.

17. In or around 2004, Wagner and Creative Consulting began acting as Dr. Pritchard's Financial Planner.

18. In or around 2005, Wagner and Creative Consulting solicited a $400,000.00 loan from the Trust (the "**Loan**").

19. At the time Wagner and Creative Consulting solicited the Loan from the Trust, Wagner was acting as the Trust's and Dr. Pritchard's Financial Planner.

20. Wagner and Creative Consulting represented to the Trust that the purpose of the Loan was to acquire at least two undeveloped office condominiums in Maricopa County, Arizona: part of Unit 206 ("**Unit 206**") and all of Unit 207 ("**Unit 207**"), located at "Desert Fairways Phase II and III – Building B, Scottsdale, Arizona 85260."

21. According to Wagner and Creative Consulting, Unit 206 and Unit 207 would be developed and rented out to third parties, which would allegedly generate significant cash for the Trust.

22. In or around April, 2005, the Trust delivered a check to Creative Consulting in the amount of $400,000.00 for the purpose of acquiring Unit 206 and Unit 207.

23. The Loan is evidenced by a promissory note (the "**Note**") dated May 16, 2005; is secured by a Deed of Trust and Assignment of Rents dated May 16, 2005 and June 1, 2008 (the "**Deed of Trust**"); and the Note is modified by a "*Modification to Secured Promissory Note*" dated August 1, 2011 (the "**Modified Note**").

24. The Trust is the current owner, holder, and beneficiary of the Note, the Modified Note, the Deed of Trust, and all related documents (collectively, the "**Loan Documents**").

25. After the Trust made the Loan to Wagner and Creative Consulting, the Trust began inquiring about the status of Unit 206 and Unit 207.

26. Wagner and/or Creative Consulting informed the Trust that it had acquired Unit 207 and had secured the Note with the Deed of Trust on Unit 207.

27. Despite the Trust's repeated inquiries regarding the acquisition of Unit 206 and the Trust's

requests for an accounting of the Loan proceeds, Wagner and Creative Consulting refused to provide any details about the status of Unit 206 or the Loan proceeds.

28. After further investigation, the Trust discovered that Wagner and Creative Consulting acquired Unit 207 for $247,950.00.

29. After further investigation, the Trust discovered that Creative Consulting was operating its business out of Unit 207.

30. After further investigation, the Trust discovered that Wagner and Creative Consulting never acquired Unit 206.

31. Despite repeated requests for an accounting of the Loan proceeds, neither Wagner nor Creative Consulting have accounted to the Trust for the $152,050.00 in Loan proceeds that were not invested in Unit 206 or in any other office condominium.

32. Wagner and Creative Consulting defaulted under the terms of the Loan Documents by failing to pay the amounts due under the Modified Note.

33. The Trust later properly noticed and conducted a trustee's sale of Unit 207 on April 30, 2013 (the "**Trustee's Sale**").

34. The Trust was the successful bidder at the Trustee's Sale by purchasing Unit 207 for a credit bid of $152,000.00.

35. At the time of the Trustee's Sale, Unit 207 had a fair market value of $152,000.00.

36. The Trust later commenced litigation against, among others, Wagner and Creative Consulting, Maricopa County Superior Court, Case No. CV2013-003746, to recover the $274,033.00[1] deficiency under the Note.

**COUNT I**

**[11 U.S.C. § 523(a)(2)(A) – False Pretenses, False Representation, or Actual Fraud]**

37. The Trust incorporates by reference all previous allegations of this Complaint as though

---

[1] Plus interest on the foregoing amount at the default rate from and after April 30, 2013, until paid; plus attorneys' and other fees, costs, and expenses from and after April 30, 2013.

fully set forth herein.

38. Wagner and Creative Consulting represented to the Trust that the entirety of the $400,000.00 Loan proceeds would be invested in Unit 206 and Unit 207.

39. Wagner and Creative Consulting represented to the Trust that Unit 206 and Unit 207 would be acquired and developed for the purpose of offering Unit 206 and Unit 207 for lease to third parties, which, in turn, would allegedly generate significant cash for the Trust.

40. The representations alleged above were material.

41. The representations alleged above were false, in that unknown to the Trust, Wagner and Creative Consulting never intended to invest the entirety of the $400,000.00 Loan proceeds in Units 206 and Unit 207.

42. The representations alleged above were false, in that unbeknownst to the Trust, Wagner and Creative Consulting never intended to offer Unit 206 and Unit 207 for lease to third parties but, instead, Wagner and Creative Consulting intended to occupy Unit 207 for themselves.

43. Upon information and belief, Wagner and Creative Consulting knew that they did not intend to invest the entirety of the $400,000.00 Loan proceeds in Units 206 and Unit 207.

44. Upon information and belief, Wagner and Creative Consulting knew that they did not intend to offer Unit 206 and Unit 207 for lease to third parties but, instead, Wagner and Creative Consulting intended to occupy Unit 207 for themselves.

45. Wagner and Creative Consulting made the representations alleged above with knowledge of their falsity and with the intent to induce the Trust to act in reliance thereon.

46. The Trust reasonably and justifiably relied upon the representations made by Wagner and Creative Consulting as alleged above and, but for those representations, the Trust would not have made the Loan to Wagner and Creative Consulting.

47. The Trust performed its part of the agreement with Wagner and Creative Consulting by making the Loan to Wagner and Creative Consulting.

48. Wagner and Creative Consulting breached the agreement with the Trust by not investing

Case 2:14-ap-00149-MCW    Doc 1    Filed 02/14/14    Entered 02/14/14 10:24:41    Desc
Main Document    Page 5 of 10

the entirety of the $400,000.00 Loan proceeds in Units 206 and Unit 207.

49. Wagner and Creative Consulting breached the agreement with the Trust by not leasing Unit 206 and Unit 207 to third parties but, instead, occupied Unit 207 for themselves.

50. Wagner and Creative Consulting benefited from the Loan.

51. The Trust was damaged through the loss of the money paid to Wagner and Creative Consulting for the investment in Unit 206 and Unit 207 without receiving such investment as represented and promised to it by Wagner and Creative Consulting.

52. The Trust has suffered damages on account of Wagner's and Creative Consulting's fraudulent representations in an amount not less than $274,033.00.

53. Wagner's and Creative Consulting's fraudulent conduct was undertaken by dishonest, unfair, and otherwise improper means, reflecting an evil and malicious motive, as well as a reckless disregard for the rights of others.

54. The Trust's claims arise from actual fraud, false pretenses, or false representations. The debt owed by Wagner to the Trust is therefore non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

55. This matter arose out of a contract between the Trust, Wagner, and Creative Consulting. The Trust is therefore entitled to its attorneys' fees and costs incurred in connection with this lawsuit pursuant the Loan Documents.

WHEREFORE, the Trust prays that the Court enter judgment in favor of the Trust against Wagner as follows:

A. That the Court enter judgment in the amount of $274,033.00, with interest thereon, plus any additional amounts to be proven at trial;

B. That the Court enter an order finding the debt owed to the Trust by Wagner is a non-dischargeable debt;

C. That, pursuant to the Loan Documents, the Trust have judgment against Wagner for the amount of its attorneys' fees and costs incurred in connection with this lawsuit; and

D. That the Trust be awarded such other and further relief as the Court deems just and

equitable under the circumstances.

## COUNT II

### [11 U.S.C. § 523(a)(4) – Fraud While Acting in a Fiduciary Capacity]

56. The Trust incorporates by reference all previous allegations of this Complaint as though fully set forth herein.

57. Since at least 2004, Wagner and Creative Consulting occupied a fiduciary relationship with the Trust.

58. Wagner and Creative Consulting represented to the Trust that the entirety of the $400,000.00 Loan proceeds would be invested in at least Unit 206 and Unit 207.

59. Wagner and Creative Consulting represented to the Trust that Unit 206 and Unit 207 would be leased to third parties.

60. The representations alleged above were material.

61. The representations alleged above were false, in that unknown to the Trust, Wagner and Creative Consulting never intended to invest the entirety of the $400,000.00 Loan proceeds in Units 206 and Unit 207.

62. The representations alleged above were false, in that unbeknownst to the Trust, Wagner and Creative Consulting never intended to offer Unit 206 and Unit 207 for lease to third parties but, instead, Wagner and Creative Consulting intended to occupy Unit 207 for themselves.

63. Upon information and belief, Wagner and Creative Consulting knew that they did not intend to invest the entirety of the $400,000.00 Loan proceeds in Units 206 and Unit 207.

64. Upon information and belief, Wagner and Creative Consulting knew that they did not intend to offer Unit 206 and Unit 207 for lease to third parties but, instead, Wagner and Creative Consulting intended to occupy Unit 207 for themselves.

65. Wagner and Creative Consulting made the representations alleged above with knowledge of their falsity and with the intent to induce the Trust to act in reliance thereon.

66. The Trust reasonably and justifiably relied upon the representations made by Wagner and

Creative Consulting as alleged above and, but for those representations, the Trust would not have made the Loan to Wagner and Creative Consulting.

67. The Trust performed its part of the agreement with Wagner and Creative Consulting by making the Loan to Wagner and Creative Consulting.

68. Wagner and Creative Consulting breached the agreement with the Trust by not investing the entirety of the $400,000.00 Loan proceeds in Units 206 and Unit 207.

69. Wagner and Creative Consulting breached the agreement with the Trust by not leasing Unit 206 and Unit 207 to third parties but, instead, occupied Unit 207 for themselves.

70. Wagner and Creative Consulting benefited from the Loan.

71. The Trust was damaged through the loss of the money paid to Wagner and Creative Consulting for the investment in Unit 206 and Unit 207 without receiving such investment as represented and promised to it by Wagner and Creative Consulting.

72. The Trust has suffered damages on account of Wagner's and Creative Consulting's fraudulent representations in an amount not less than $274,033.00.

73. Wagner's and Creative Consulting's fraudulent conduct was undertaken while acting as the Trust's fiduciary. The debt owed by Wagner to the Trust is therefore non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

74. This matter arose out of a contract between the Trust and Wagner and Creative Consulting. The Trust is therefore entitled to its attorneys' fees and costs incurred in connection with this lawsuit pursuant the Loan Documents.

WHEREFORE, the Trust prays that the Court enter judgment in favor of the Trust against Wagner as follows:

E. That the Court enter judgment in the amount of $274,033.00, with interest thereon, plus any additional amounts to be proven at trial;

F. That the Court enter an order finding the debt owed to the Trust by Wagner is a non-dischargeable debt;

G. That, pursuant to the Loan Documents, the Trust have judgment against Wagner for the amount of its attorneys' fees and costs incurred in connection with this lawsuit; and

H. That the Trust be awarded such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT III

**[11 U.S.C. § 523(a)(6) – Willful and Malicious Conduct]**

75. The Trust incorporates by reference all previous allegations of this Complaint as though fully set forth herein.

76. The acts alleged above were intentional and were calculated and designed to induce the Trust to make the Loan for the purpose of investing the entirety of the $400,000.00 Loan proceeds in Units 206 and Unit 207 for the purpose of leasing Unit 206 and Unit 207 to third parties, which, upon information and belief, Wagner and Creative Consulting knew that they would not do.

77. The acts alleged above were intentional and were calculated and designed with wanton disregard of the fact that the Trust was making the Loan based solely upon the representations and acts of Wagner and Creative Consulting.

78. The acts alleged above were undertaken by dishonest, unfair, and otherwise improper means reflecting an evil and malicious motive as well as reckless disregard for the rights of others.

79. The above-described conduct of Wagner and Creative Consulting constitutes willful and malicious conduct by Wagner and Creative Consulting causing injury to another entity or to the property of another.

80. The Trust's claims against Wagner are therefore non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, the Trust prays that the Court enter judgment in favor of the Trust against Wagner as follows:

A. That the Court enter judgment in the amount of $274,033.00, with interest thereon, plus any additional amounts to be proven at trial;

B. That the Court enter an order finding the debt owed to the Trust by Wagner is a non-dischargeable debt;

C. That, pursuant to the Loan Documents, the Trust have judgment against Wagner for the amount of its attorneys' fees and costs incurred in connection with this lawsuit; and

D. That the Trust be awarded such other and further relief as the Court deems just and equitable under the circumstances.

DATED this <u>14th</u> day of February, 2014.

SCHIAN WALKER, P.L.C.

By <u>/s/ CODY J. JESS, #025066</u>
Cody J. Jess
Scott R. Goldberg
Attorneys for Lawrence E. Pritchard, as Trustee of the Pritchard Charitable Remainder Unitrust dated December 29, 1994

COPY of the foregoing
e-mailed this <u>14th</u> day
of February, 2014, to:

J. Murray Zeigler, Esq.
Zeigler Law Group, PLC
229 West La Vieve Lane
Tempe, Arizona 85284-3022
Attorneys for the Debtor
murray@zeiglerlawgroup.com

Jill H. Ford
Chapter 7 Trustee
Post Office Box 8545
Carefree, Arizona 85377
jford@trustee.phxcoxmail.com


/s/ JULIE LARSEN